UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 3529

------------------------------------x  MH 8329

PATRICIA DODD TAUB,                 :
                                       Civil Action No.:
                 Plaintiff,         :

     - against -                    :   **NOTICE OF REMOVAL**

SOUTH AFRICAN AIRWAYS (PTY.) LIMITED, :

                 Defendant.         :

------------------------------------x

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, defendant South African Airways (Pty.) Limited (hereinafter SAA), by its attorneys Condon & Forsyth LLP, file its Notice of Removal to this Court of an action pending against it in the Supreme Court of the State of New York, County of New York. Removal is based on the following grounds:

1.   This action was commenced against defendant in the Supreme Court of the State of New York, County of New York, by the filing of a Summons and Verified Complaint on or about February 11, 2008. The Summons and Verified Complaint were then served upon the Secretary of State pursuant to Section 306 of the Business Corporation Law on March 17, 2008. A copy of the Summons and Verified Complaint are attached hereto as Exhibit "A." No further proceedings have been had in this action.

2.   While the Summons bears a Supreme Court, New York County caption and designates New York County as the venue of trial based upon the plaintiff's residence, the Verified Complaint bears a caption of Supreme Court, Queens County. The undersigned confirmed in a telephone conversation with Gloria Drelich, plaintiff's

counsel, on April 3, 2008 that the Queens County caption is in error and that this action was filed in the Supreme Court, New York County.

3. The Verified Complaint seeks damages for alleged personal injuries due to turbulence while plaintiff was a passenger aboard a SAA flight from Johannesburg, South Africa to Queens, New York on June 24, 2007 (Verified Complaint, paras. 6, 7).

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it arises under a treaty of the United States, *i.e.* the Montreal Convention, S. Treaty Doc. 106-45, 1999 WL 33292734 and the action is one that may be removed pursuant to 28 U.S.C. § 1441 without regard to the residence or citizenship of the parties or the amount in controversy.

5. This Notice of Removal is being filed within thirty days after service of the Summons and Verified Complaint upon the Secretary of State and therefore is timely filed pursuant to 28 U.S.C. §1446(b).

6. The action in the Supreme Court of the State of New York for New York County is, therefore, a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. §§1441 and 1446.

7. Defendant simultaneously with the service and filing of this Notice of Removal has given written notice of the filing of this Notice of Removal to plaintiff and filed a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant SAA respectfully request that this action be removed to this Court.

Dated:   New York, New York
         April 11, 2008

                                               CONDON & FORSYTH LLP

                                               By _____
                                                  Michael J. Holland (MH 8329)
                                                  A Partner of the Firm
                                                  7 Times Square
                                                  New York, New York 10036
                                                  (212) 490-9100
                                                  Attorneys for Defendant
                                                  South African Airways (Pty.) Limited

To:  David Horowitz, P.C.
     Attorney for Plaintiff
     276 Fifth Avenue
     New York, New York  10001
     (212) 684-3630

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------
PATRICIA DODD TAUB,

Index No: 103340/08
Date Purchased:

Plaintiff designates
NEW YORK County as
Place of Trial
Basis of venue is:
Residence of plaintiff

              Plaintiff,

SOUTH AFRICAN AIRWAYS (PTY.) LIMITED,

SUMMONS
Plaintiff Residence:
465 West Broadway
New York, New York

              Defendant,
-----------------------------------

To the above named Defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: January 28, 2008

DAVID HOROWITZ, P.C.

By: /s/ Gloria Drelich
GLORIA DRELICH
276 Fifth Avenue
New York, New York 10001
(212) 684-3630

Defendants' Address:
SOUTH: Delta Airlines Terminal 3, Jamaica, New York 11430

NEW YORK
COUNTY CLERK'S OFFICE
FEB 11 2008
NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ~~QUEENS~~ New York
-----------------------------------------------------------------

PATRICIA DODD TAUB,

              Plaintiff,

-against-

SOUTH AFRICAN AIRWAYS (PTY.) LIMITED,

              Defendant.

-----------------------------------------------------------------

Index No:

102340/08

VERIFIED COMPLAINT

    Plaintiff, complaining of the defendant herein, by his attorneys, DAVID HOROWITZ, P.C., alleges upon information and belief, as follows:

    1. Plaintiff, PATRICIA DODD TAUB, is a resident of New York State residing at 465 West Broadway, New York, New York.

    2. Upon information and belief, at all times herein mentioned, the defendant SOUTH AFRICAN AIRWAYS (PTY.) LIMITED, is a foreign corporation, organized and existing under and by virtue of the laws of South Africa.

    3. Upon information and belief, at all times herein mentioned, the defendant SOUTH AFRICAN AIRWAYS (PTY.) LIMITED, was licensed to do business in the State of New York.

    4. Upon information and belief, at all times herein mentioned, the defendant SOUTH AFRICAN AIRWAYS (PTY.) LIMITED, conducted business in the State of New York.

    5. On and prior to June 24, 2007, defendant SOUTH AFRICAN AIRWAYS (PTY.) LIMITED, was a common carrier, engaged in the business of transporting passengers for hire in international transportation.

    6. On or about June 24, 2007, plaintiff PATRICIA DODD TAUB was a duly ticketed

passenger aboard SOUTH AFRICAN AIRWAYS (PTY.) LIMITED's flight SA203 from Johannesburg to JFK Airport, Queens, New York, and as such plaintiff's transportation was subject to the terms and provisions of the Convention For the Unification of Certain rules Relation to International Transportation By Air, commonly known as the Warsaw convention, 49 STAT 3000 (1934), as modified by an interline agreement commonly called the Montreal Agreement (CAB 18990, approved by Executive Order E-23680, June 13, 1966, which Montreal Agreement was subsequently modified in 2000) to which defendant is a signatory and contractual obligor.

    7. On or about June 24, 2007, the plaintiff PATRICIA DODD TAUB, while a passenger in Seat 64C, plaintiff was caused to sustain serious and severe permanent injury due to the turbulence in transit and the failure of the agents, servants and/or employees of defendant to warn of the impending electrical storm.

    8. Following the accident, defendant's agents, servants and/or employees failed to provide proper medical attention to the plaintiff.

    9. That by reason of the foregoing occurrence, plaintiff was rendered sick, sore, lame and disabled, and so remains; suffered and sustained serious and severe physical and personal injuries, both external and internal and suffered extreme mental and physical pain, and was injured in and about her body, and suffered and still suffers and for a long time to come will continue to suffer great physical and mental shock, and upon information and belief, some of the injuries are and others may be permanent.

    10. As a result of the foregoing, defendant SOUTH AFRICAN AIRWAYS (PTY.) LIMITED is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Agreement together with the International Air Transport Intercarrier Agreement on Passenger

Liability which defendant SOUTH AFRICAN AIRWAYS (PTY.) LIMITED incorporated into its conditions of carriage prior to July 24, 2007.

11. The carrier cannot meet its burden of proving that it took all necessary measures to avoid the subject accident insofar as its negligence also caused or contributed to the accident and plaintiff's resulting injuries.

13. That by reason of the foregoing, the plaintiff, PATRICIA DODD TAUB, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction in an amount to be determined at trial together with the costs and disbursements of this action.

Yours, etc.
DAVID HOROWITZ, P.C.

By: /s/ Gloria Drelich
GLORIA DRELICH
Attorney for Plaintiff
Office & P.O. Address
276 Fifth Avenue
New York, New York 10001
(212) 684-3630

STATE OF NEW YORK      )
                                              )SS:
COUNTY OF NEW YORK  )


      I, the undersigned, being duly sworn, depose and say: I am the Plaintiff in the action; I have read the foregoing **COMPLAINT** and know the contents thereof: the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

      _____
      Patricia Dodd Taub

Sworn to before me this
1st day of February, 2008

_____
Notary Public, State of New York

GLORIA DRELICH
Notary Public, State of New York
No.:02DR1020880
Qualified in New York County
Commission Expires May 31, 2011

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
PATRICIA DODD TAUB,

Plaintiff,

-against-

SOUTH AFRICAN AIRWAYS (PTY.) LIMITED,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

# DAVID HOROWITZ, P.C.
*Attorneys for Plaintiff*
276 Fifth Avenue - Suite 405
New York, New York 10001
212-684-3630

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: January 29, 2008*

Signature: _____
Print Signer's Name: Gloria Drelich

To:

Service of a copy of the within
is hereby admitted.
Dated,

..................................................

Attorney(s) for

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on the 11th day of April, 2008, deponent served the within Notice of Removal upon:

> David Horowitz, P.C.
> 276 Fifth Avenue
> New York, New York 10001

the address designated by said attorney for that purpose by depositing same enclosed in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Mary Ann Rooney

Sworn to before me this
11th day of April, 2008

_____
Notary Public

MICHAEL J HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2009